**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL ZARRILLI,

                    Plaintiff,

     v.

MERCY COLLEGE,

                  Defendant.

Case No.    23-Civ-0053

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Michael Zarrilli, by and through his attorneys at Filosa Graff LLP, as and for his

Complaint in this action against Defendant Mercy College ("Defendant" or the "College")

alleges upon personal knowledge and upon information and belief as to other matters as follows:

**PRELIMINARY STATEMENT**

1.     This is an action seeking declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendant's unlawful employment practices against Plaintiff,

including Defendant's unlawful interference with, restraint, and/or denial of Plaintiff's rights

under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and/or retaliation for

exercising rights protected by the FMLA, as well as Defendant's discrimination, retaliation, and

unlawful termination of Plaintiff's employment as a result of his disability and/or because he

opposed discrimination on the basis of his disability, in violation of the New York State Human

Rights Law ("State Human Rights Law"), NY Exec. Law §§ 290, et seq.

2.     Specifically, Defendant interfered with Plaintiff's rights under the FMLA by

terminating his employment so as to prevent him from taking an FMLA-protected leave of

absence and/or retaliated against Plaintiff by terminating his employment because he engaged in activity protected by the FMLA when he requested an FMLA-designated leave of absence.

3.      Defendant retaliated against Plaintiff in violation of the States Human Rights Law when Defendant terminated Plaintiff's employment because he exercised rights protected by the State Human Rights Law when he objected to Defendant's discrimination on the basis of his disability.

4.      Defendant's unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7.      Plaintiff Michael Zarrilli is a former employee of Defendant Mercy College and resides in Westchester County, New York.  Plaintiff worked for Mercy College from April 2016 through October 17, 2022. At all relevant times, Plaintiff met the definition of "employee" under all applicable statutes.

8.     Defendant Mercy College is a domestic not-for-profit corporation with a principal place of business located at 555 Broadway, Dobbs Ferry, NY 10522. At all relevant times, Plaza Rehab met the definition of "employer" or a "covered employer" under all applicable statutes.

## ADMINISTRATIVE REQUIREMENTS

9.     Plaintiff also intends to file a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

10.     When the EEOC completes its investigation of the charge and issues Plaintiff a notice of right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendant violated Title VII as well.

11.     Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

12.     In addition to being a former employee of Mercy College, Plaintiff is also a double alumnus of Mercy College, having earned his bachelor's degree (2005) and MBA (2016) from the College.

13.     Plaintiff's employment with the College commenced in or around April 2016 when the College hired Plaintiff in the role of Director of Strategic Business Development.

14.     Plaintiff served in several other roles with the College, including Senior Director of Graduate Admissions and, most recently, Philanthropy Officer.

**Plaintiff's Disability and Request for FMLA Leave**

15.     Prior to his employment with the College, Plaintiff served as a police officer with the Mount Vernon Police Department for over 20 years, serving with distinction and retiring in 2014 at the rank of Lieutenant.

16.     Plaintiff was also a first responder on September 11, 2001, and was present at Ground Zero when Tower 7 collapsed.

17.     As a result of this service, Plaintiff suffers from a number of mental health impairments, including but not limited to Post-Traumatic Stress Disorder, that meet the definition of a disability under the State Human Rights Law.

18.     While these mental health illnesses can be debilitating at times, Mr. Zarrilli has been treating with several medical professionals for years and, with their help, he has been able to perform his work for the College with only minor accommodations. For example, in mid-2021, Mr. Zarrilli's mental health impairments prevented him from working for Defendant for a period of time and his medical providers recommended that he take a medical leave of absence to receive additional treatment.

19.     A year before his termination, Mr. Zarrilli applied for and took an FMLA-designated leave of absence from August 2021 through November 2021.

20.     In early October 2022, Plaintiff's medical provider recommended that he take another medical leave of absence to receive additional mental health treatment for his mental health impairments.

21.     On October 11, 2022, Plaintiff contacted Kareema Gathers, the College's Assistant Director of Human Resources, to request information about another leave of absence. Ms. Gathers advised Plaintiff that he was eligible to take up to nine weeks of FMLA leave and she provided Plaintiff with the forms that he would need to submit to take FMLA leave.

**Defendant Immediately Retaliated Against Plaintiff After He Requested FMLA Leave**

22.     On October 12, 2022, Plaintiff's manager (Katherine Coppinger) asked him to prepare a report of all of the prospects that he projected would make donations to the College

before the end of the current fiscal year on June 30, 2023. This report detailed over $500,000 in donations that Plaintiff was projecting through the end of the fiscal year.

23.     The following day, October 13, 2022, Ms. Coppinger and her manager (Bernadette Wade, Chief Advancement Officer) scheduled a meeting with Plaintiff on short notice to discuss his projections report.

24.     While the meeting was supposed to be about Plaintiff's projections, it immediately became clear Ms. Wade had another agenda when she began the meeting by telling Plaintiff that she did not think that he was happy working at the College. This was presumably a reference to Plaintiff requesting another FMLA leave of absence to receive additional mental health treatment.

25.     When Plaintiff explained that he was happy with his job and that he enjoyed working with donors and helping the College provide scholarship opportunities to underserved students, Ms. Wade responded by telling Plaintiff that he would need to meet his fiscal year-end projections by the end of December or he should look for a new job – effectively denying Plaintiff the ability to take leave to receive treatment for his mental health impairment.

26.     Plaintiff was shocked by Ms. Wade's threats and referenced his years of dedicated employment with the College and exemplary performance reviews. Ms. Wade responded by criticizing Plaintiff's work performance, citing to incorrect data regarding the amount of money that Plaintiff had raised for the College.

27.     Plaintiff pointed out that Ms. Wade's numbers were not accurate and that they failed to take into account the fact that he took a 12-week FMLA leave in 2021, but Ms. Wade was unmoved.

28.     When Plaintiff raised concerns about meeting this new target with his upcoming FMLA leave, Ms. Coppinger responded, "you don't look sick to me" and Ms. Wade reiterated that "should start looking for a new job soon."

29.     Plaintiff was taken aback by his superiors' comments, which showed a clear intent to (i) interfere with Plaintiff's rights under the FMLA, (ii) retaliate against him for requesting a leave of absence, and/or (iii) effectively deny him the accommodation that he requested, i.e., the ability to take a leave of absence to receive treatment for his disability.

30.     Plaintiff then notified Ms. Wade and Ms. Coppinger that he believed that their treatment of him and threats of termination were unlawful and that he would address his concerns with the College's Human Resources department. In doing so, Plaintiff engaged in activity protected by the FMLA and the State Human Rights Law.

31.     Ms. Wade apparently perceived Plaintiff's indication that he would file a complaint with Human Resources as a "threat" and abruptly ended the meeting.

32.     Immediately following the meeting, Plaintiff contacted Ms. Gathers to report to her about the meeting with Ms. Wade and Ms. Coppinger and ask that he be able to start FMLA leave immediately.

33.     The next day, Friday, Mr. Zarrilli received an email from Tom McDonald, the College's Title IX Coordinator, who wanted to schedule a time to talk with Plaintiff on Monday, October 17, 2022. Plaintiff responded with a question about the logistics for such a meeting but never received a response from Mr. McDonald; instead, the College disabled Plaintiff's access to his email that day.

34.     On October 17, 2022, Plaintiff contacted Mr. McDonald, who informed Plaintiff that the College had terminated his employment and that the decision was made immediately after his meeting with Ms. Wade and Ms. Coppinger.

## FIRST CAUSE OF ACTION
### (Interference with Plaintiff's Rights under the FMLA)

35.     Plaintiff hereby repeats and re-alleges the allegations in each of the preceding paragraphs as if fully set forth herein.

36.     At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.

37.     At all relevant times, the Defendant was and is a "covered employer" within the meaning of the FMLA. Specifically, the Company has employed more than 50 employees over the course of both the prior and current calendar years.

38.     Defendant violated the FMLA by unlawfully interfering with, restraining, and/or denying the exercises of Plaintiff's FMLA rights by, *inter alia*, terminating Plaintiff's employment so as to prevent him from taking a FMLA-designated leave of absence.

39.     As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

40.     Defendant's unlawful action constitute bad faith, malicious, willful and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

## SECOND CAUSE OF ACTION
### (Retaliation for Exercising Rights Protected by the FMLA)

41.     Plaintiff hereby repeats and re-alleges the allegations in each of the preceding paragraphs as if fully set forth herein.

42.     At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.

43.     At all relevant times, the Defendant was and is a "covered employer" within the meaning of the FMLA. Specifically, the Company has employed more than 50 employees over the course of both the prior and current calendar years.

44.     Defendant violated the FMLA by terminating Plaintiff's employment with Defendant in retaliation for Plaintiff's exercise of rights protected by the FMLA, including, but not limited to, requesting an FMLA-designated leave of absence and/or raising concerns about the College's potential violation of the FMLA.

45.     As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of monetary damages and other relief.

46.     Defendant's unlawful action constitute bad faith, malicious, willful and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages

### THIRD CAUSE OF ACTION
**(Violation of the State Human Rights Law)**

47.     Plaintiff hereby repeats and re-alleges the allegations in each of the preceding paragraphs as if fully set forth herein.

48.     At all relevant times, Plaintiff was an "employee" within the meaning of the State Human Rights Law.

49.     At all relevant times, Defendant met the definition of an "employer" within the meaning of the State Human Rights Law.

50.     Defendant has discriminated against Plaintiff on the basis of his disability by terminating Plaintiff's employment because of his disability and/or retaliated against Plaintiff for

when he raised concerns about Defendant's efforts to deny him a reasonable accommodation for his disability.

51.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct in violation of the State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

52.    As a direct and proximate result of Defendant's discriminatory and retaliatory conduct in violation of the State Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of damages.

53.    Defendant's unlawful action constitute bad faith, malicious, willful and wanton violations of the State Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of New York;

B.    An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.    An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory, retaliatory and/or otherwise unlawful treatment of

him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

      D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

      E.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

      F.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

      G.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

      H.     An award of punitive damages;

      I.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

      J.     Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: January 4, 2023

FILOSA GRAFF LLP

By:

Gregory N. Filosa (GF-5680)

111 John Street, Suite 2510
New York, NY  10038
Tel:  (212) 256-1780
Fax: (212) 156-1781
gfilosa@filosagraff.com

COUNSEL FOR PLAINTIFF